UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SCHINDLER ELEVATOR CORPORATION, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: 20-3157 (RC) |
| | : | |
| v. | : | Re Document No.: 31 |
| | : | |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, | : | |
| | : | |
| Defendant, | : | |
| and | : | |
| KONE, INC., | : | |
| | : | |
| Intervenor-Defendant. | : | |

## MEMORANDUM OPINION

### DENYING PLAINTIFF'S MOTION FOR INJUNCTION PENDING APPEAL

### I. INTRODUCTION

Plaintiff Schindler Elevator Corporation ("Schindler") originally brought suit against Defendant Washington Metropolitan Area Transit Authority ("WMATA") challenging an award of contracts to replace and install new escalators throughout the Washington, D.C. transit system. WMATA awarded the award to KONE, Inc. ("Kone"), an Intervenor-Defendant in this case, after Schindler was disqualified.  Schindler also filed a motion for a temporary restraining order and preliminary injunction.  S*ee* Pl.'s Mot. Prelim. Inj., ECF No. 4.  After considering the parties' briefings and oral arguments, this Court dismissed the case *sua sponte* for lack of jurisdiction.  *See Schindler Elevator Corp. v. WMATA*, No. 20-cv-3157, 2020 WL 7668905 (D.D.C. Dec. 23, 2020).  Schindler now seeks an injunction pending an appeal to the United States Court of Appeals for the District of Columbia Circuit.  For the reasons detailed below, the

Court finds that the issuance of a preliminary injunction would be an inappropriate exercise of its discretion.

## II.  FACTUAL BACKGROUND

The Court has already explained the factual background of this case in its prior Memorandum Opinion.  *See id.* at *1–*2.  The Court assumes familiarity with its prior opinion and confines discussion to the facts most relevant to the present motion.  Following the Court's dismissal of this action for lack of subject-matter jurisdiction, *id.* at *9, Schindler promptly appealed this Court's order.  It then filed this motion to prevent WMATA from moving forward with its contract with Kone during the pendency of its appeal.  *See* Pl.'s Mot. Inj. Pending Appeal ("Pl.'s Mot."), ECF No. 31.  Schindler contends that an injunction would preserve the status quo as its appeal is pending.  *Id.* at 3.  WMATA and Kone oppose this motion.  *See* Def.'s Opp'n Mot. Inj. ("Def.'s Opp'n"), ECF No. 35; Kone Inc. Opp'n Mot. Inj. ("Kone Opp'n"), ECF No. 36.

## III.  LEGAL STANDARD

An injunction pending appeal is an "extraordinary remedy."  *John Doe Co. v. Consumer Fin. Prot. Bureau*, 849 F.3d 1129, 1131 (D.C. Cir. 2017) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)).  The legal standard for evaluating a motion for an injunction pending appeal is "substantially the same as those for issuing a preliminary injunction."  *Amgen Inc. v. Azar*, No. 17-cv-1006, 2018 WL 1990521, at *1 (D.D.C. Feb. 22, 2018) (internal citations omitted); *see also Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 842–43 (D.C. Cir. 1977).  To succeed on such a motion, a plaintiff "must establish [(1)] that he is likely to succeed on the merits, [(2)] that he is likely to suffer irreparable harm in the absence of preliminary relief, [(3)] that the balance of equities tips in his favor, and

[(4)] that an injunction is in the public interest." *Winter*, 555 U.S. at 20.  A court "may deny a motion for preliminary injunction, without further inquiry, upon finding that a plaintiff is unable to show <u>either</u> irreparable injury or a likelihood of success on the merits." *Standing Rock Sioux Tribe v. U.S. Army Corps of Eng'rs*, 205 F. Supp. 3d 4, 26 (D.D.C. 2016) (emphasis in original).  And even when the movant can make an independent showing of the first two factors, relief does not issue automatically.  Rather, as the third and fourth factors suggest, a preliminary injunction is an equitable remedy committed to the court's "sound discretion," *Winter*, 555 U.S. at 24 (quoting *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)), and is "never awarded as of right," *id*.

### IV.  ANALYSIS

A review of the preliminary injunction factors shows Schindler is not entitled to relief.  The Court previously declined to reach the merits of Schindler's earlier motion for a temporary restraining order and preliminary injunction after finding *sua sponte* that the Court lacked jurisdiction over the matter.  Schindler, however, continues to argue that this Court has jurisdiction over this case, relying entirely on the reasons stated in their original motion and arguments made during the December 10, 2020 hearing.  Pl.'s Mot. at 4–6.  But the Court has already carefully considered these arguments and concluded jurisdiction is lacking.  *See Nat'l Parks Conservation Ass'n v. Semonite*, No. 17-cv-01361, 2018 WL 3838809 at *1 (D.D.C. July 3, 2018) (denying motion for injunction pending appeal when the plaintiff reiterated same points on an issue addressed "extensively" in the court's prior opinion).  Schindler cannot show a likelihood of success on the merits of its claim when a court lacks jurisdiction to even hear the case.  Given Schindler's inability to show a substantial likelihood of succeed on the merits, the Court need proceed no further.  *See Am. Bankers Ass'n v. Nat'l Credit Union Admin*., 38 F.

Supp. 2d 114, 140 (D.D.C. 1999) (noting that without a "substantial indication" of likely success on the merits, "there would be no justification for the court's intrusion into the ordinary processes of administration and judicial review") (quoting *Holiday Tours,* 559 F.2d at 843).

Schindler also fails to satisfy the remaining three elements of the preliminary injunction standard.  To show irreparable harm, Schindler must demonstrate that the injury is "both certain and great . . . of such imminence that there is clear and present need for equitable relief to prevent irreparable harm" and that the injury be "beyond remediation."  *Chaplaincy of Full Gospel Churches v. Eng.*, 454 F.3d 290, 297 (D.C. Cir. 2006) (citations and internal quotations omitted).  But Schindler has not demonstrated harm beyond potential "lost profits."  Pl.'s Mot. Prelim. Inj. at 4.  The D.C. Circuit has stated that "economic loss does not, in and of itself, constitute irreparable harm."  *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985).  And where a monetary loss is non-recoverable, as it likely is here, Schindler "must demonstrate that the injury [is] more than simply irretrievable; it must also be serious in terms of its effect on the plaintiff."  *Mylan Pharm., Inc. v. Shalala*, 81 F. Supp. 2d 30, 42 (D.D.C. 2000) (internal citation omitted).  With over 6,000 employees in over 160 locations, Compl. at 4, ECF No. 1, the injury associated with the denial of this single contract award seems highly unlikely to cause a serious injury of the required magnitude to Schindler.  Accordingly, the Court concludes Schindler cannot demonstrate irreparable harm.

Schindler also cannot demonstrate that the balance of equities or public interest weigh in its favor.  On the contrary, WMATA persuasively argues that a stay would pose financial and logistical hardship to both WMATA and Kone, as they have already begun the construction process.  Def.'s Opp'n at 6–9 ("KONE will suffer significant delays and harm as a result of an injunction, including manufacturing delays, loss of staff, impaired relationships with

4

subcontractors, and delays on completing preliminary contract requirements."). Further, the Court finds that it is in the public interest for WMATA to move forward with these disruptive repairs without delay while ridership is low due to the COVID-19 pandemic. *See* Def.'s Opp'n at 10.

For all of these reasons, the Court denies Schindler's motion for an injunction pending appeal.

## V.  CONCLUSION

For the foregoing reasons, Schindler's Motion for Injunction Pending Appeal, ECF No. 31, is **DENIED**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  February 19, 2021                                                                                       RUDOLPH CONTRERAS
                                                                                                                                  United States District Judge